FILED

2020 JUL 20 PM 1:55

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM HENRY HAMMAN
& THE CLASS "DUAL
ENROLLMENT STUDENTS",
   Plaintiffs;

v.

THE UNIVERSITY OF CENTRAL
FLORIDA BOARD OF TRUSTEES
   In their individual and
   official capacities,
      Defendants
_____/

Case No.: 6:20-cv-1279-ORL-41 LRH

Verified Complaint for
Declaratory and Injunctive Relief

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

William Henry Hamman and the class Dual Enrollment students come before this Court to sue the University of Central Florida Board of Trustees in their individual and official capacities for abuse of the United States Constitution and claim that:

### THE PARTIES

1)   I, William Henry Hamman, am a home education high school student and reside in Orange County, Florida.

2)   Plaintiff "Dual Enrollment students" (with sub-classes "Home Education students" and "Private School students",) is the protected class which is facially created and granted unique statutory rights by *Florida Statute* 1007.271.   Our property interest is shown in *Carey v. Piphus*, 435 U.S. 247 plus the tangible property of the Pre-Paid College Plan inherent in the Program; interests which have been deprived without Due Process.   The class includes each 6-12 grade student in

1

the state, not just UCF's service area; because each student in the state has a right to not be misinformed by UCF pursuant to *Florida Statute* 1007.271(8).  Unique liberty interests are granted pursuant to *Florida Statute* 1007.271, interests which are thoroughly documented in the memorandum

3)   Defendant is University of Central Florida's Board of Trustees in their individual and official capacities.  ("UCF").  The University of Central Florida resides and does business in Orange County, Florida.

## VENUE AND JURISDICTION

4)   This court has subject matter jurisdiction because the litigation arises under the Fourteenth Amendment of the United States Constitution.  This court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (Declaratory Judgment Act) and 28 U.S.C. § 2202 (Further Relief).  The action is brought pursuant to Federal Rule of Civil Procedure 57, (Declaratory Judgement) & Federal Rule of Civil Procedure 65, (Injunctive Relief).

5)   This court has personal jurisdiction over the parties because UCF resides in Orange County, Fl; where plaintiffs Hamman reside.   Orange County is within the court's jurisdiction.

6)   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

7)   This request for declaratory judgement is based on an actual controversy. This controversy requires declaratory relief to clarify the legal relationships of the parties, and this declaration will put the points of legal controversy to rest.   These claims in no

way limit my rights to seek further relief pursuant to 28 U.S.C. § 2202, nor to seek vindication through any available remedy for any rights found to be abused.

## INTRODUCTION

8) What I claim and the Memorandum proves is that the classification "Dual Enrollment student" is protected because it is created on the face of *Florida Statute* 1007.271, a statute which also grants entitlement to specific property and liberty interests including a free pre-paid college plan &/or free college credits. This means that both strands of the Equal Protection doctrine applies, UCF is discriminating against a protected class and UCF is abusing the fundamental rights to property and liberty. These indisputable property and liberty interests themselves are each explicitly facial and have been deprived without the required procedural due process, procedures that are well defined in binding cases. This means that the Due Process doctrine also applies.

## CLAIM #1 - DECLARATION REGARDING EQUAL PROTECTION OF THE LAWS

9) We bring this claim pursuant to the Equal Protection Clause of the Fourteenth Amendment to the Unites States Constitution which guarantees that "no state shall deny to any person within its jurisdiction the equal protection of the laws".

10) UCF has information regarding student education options that discriminates against the classification "Dual Enrollment students" on it's web site. (Exhibit 1, page #3).

- A) The information regarding the 3.8 GPA required for "home education students who meet the minimum score on a common placement test adopted by the State Board of Education which indicates that the student is ready for college-level coursework" is explicitly prohibited by *Florida Statute* 1007.271(13)(b)(2).

- B) The information about alternative grade weighting which is "prohibited" pursuant to *Florida Statute* 1007.271(8).

3

C) The information requiring unspecified achievement on the SAT or ACT to be considered for the program where the law grants entitlement with a "minimum score on a common placement test adopted by the State Board of Education which indicates that the student is ready for college-level coursework". *Florida Statute* 1007.271(3).

D) The information claiming that UCF enjoys absolute and arbitrary discretion over admission to the program - "[s]atisfying minimum requirements does not guarantee admission to UCF", but *Florida Statute* 1007.271(13)(b) mandates that UCF "**must** enter into a home education articulation agreement with **each** home education student seeking enrollment in a dual enrollment course" [1].

E) The information claiming that Dual Enrollment students must apply to and gain admission to the undergraduate program in order to participate in the Dual Enrollment program. As shown above, *FS* 1007.271(13) grants eligibility, an eligibility that becomes constitutionally protected and not subject to arbitrary restraint.

F) The information about Covid-19 making Dual Enrollment unavailable past July 1

11) THEREFORE we seek a declaration that the prohibited information violates the Equal Protection clause of the Fourteenth Amendment, and we seek injunctive and other equitable relief as the Court sees fit in remedy.

**CLAIM #2 - DECLARATION REGARDING PROCEDURAL DUE PROCESS**

---

[1] Similar language exists for all other sub-classes as well as the main class of dual enrollment students

4

12) We bring this claim pursuant to the Due Process Clause of the Fourteenth Amendment to the Unites States Constitution which guarantees that "no state shall deprive any person of life, liberty, or property, without due process of law".

13) UCF has denied my participation in the Dual Enrollment program for over four years using a raft of unconstitutional attacks upon my liberty.

14) UCF has deprived the liberty and property inherent in the program without the due process procedures which are required when these interests are at stake.

15) THEREFORE we seek a declaration that the prohibited information violates the Due Process clause of the Fourteenth Amendment, and we seek injunctive and other equitable relief as the Court sees fit in remedy.

### CLAIM #3 - DECLARATION REGARDING THE INITIAL CLASS THAT I WAS DISCRIMINATORILY DENIED WITHOUT PROCEDURAL DUE PROCESS - THE SCIENCE COURSE

16) In Spring 2016 I presented to UCF as legally eligible in order to take a specific course, a DIS science course with a specific plan and goal which is summarized in a youtube video from October 2015 at https://youtu.be/3Ji2ZhNBUrc . The subject was a very narrow lab study within Molecular Biology with cognizable goals, proposed methodologies and theorized outcomes.

17) This is the first course which was discriminatorily deprived without due process.

18) The procedures due over four years ago were that the video and other material to be considered should have been allowed to be presented to the appropriate head of department by me as a properly enrolled 13 year old. This is the procedure which is still due and which continues to be perniciously deprived.

19)   THEREFORE I seek a declaration that the 2016 deprivation of the Molecular Biology course violates the Equal Protection and Due Process clauses of the Fourteenth Amendment, and I seek injunctive and other equitable relief as the Court sees fit in remedy.

**CLAIM #4 - DECLARATION THAT DEGREES HAVE BEEN DISCRIMINATORILY DEPRIVED WITHOUT PROCEDURAL DUE PROCESS PROTECTION**

20)   I had planned to take 18 hours each fall and spring, and 12 hours each summer.   I would have accumulated enough credits to have received a college diploma somewhere in my junior year of high school just from courses taken, not including equivalent credit for experience.

21)   I was discriminatorily deprived of this property.

22)   I was maliciously deprived of the unique statutorily granted liberty interests granted  through *Florida Statute* 1007.271 which in turn has deprived me of broader and deeper liberty interests already shown in landmark and binding cases.

23)    THEREFORE I seek a declaration that UCF has deprived me of the property inherent in both a basic education and a college education as well as the liberty to earn this degree and ultimately undergo the common pursuit of academia.

24)   Furthermore, injunctive relief directing UCF to immediately grant at least a bachelors in general studies / pre-law with direction to each Florida public law school to immediately admit me for admission for Fall 2020 with all reasonable on-line accommodations as may benefit me in order to participate from my home.

Respectfully Submitted July 20, 2020,

*William Henry Hamman (signature)*
William Henry Hamman
1209 N. Westmoreland Dr.
Orlando, FL 32804
407-630-1349

## CERTIFICATE OF VERIFICATION

On July 20, 2020 William Henry Hamman personally appeared before me, the undersigned Notary Public, and, after being duly sworn, he stated under oath that every statement contained here within is within his personal knowledge and is true and correct.

William Henry Hamman

Notary Public in and
for the State of Florida

05|24|2021
My Commission expires

*Amanda Barngrover (signature)*
Signature

[ Notary's seal ]

AmandaBarngrover
Printed Name

Notary seal: AMANDA JEANNE BARNGROVER, Notary Public - State of Florida, Commission # GG 108215, My Comm. Expires May 24, 2021, Bonded through National Notary Assn.