# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM HENRY HAMMAN**
       **Plaintiff;**

**v.**                                        **Case No.: 6:20-cv-1279-Orl-41LRH**

**THE UNIVERSITY OF CENTRAL**          **Plaintiff's Motion for TRO**
**FLORIDA BOARD OF TRUSTEES**          **and Supporting Memorandum**
       **In their individual and**
       **official capacities,**
       **Defendants**
_____/

### PLAINTIFFS' MOTION FOR TRO AND MEMORANDUM OF LAW

Pursuant to *Fed.R.Civ.P.* 65, Plaintiff applies for TRO against UCF to stop the current and ongoing deprivation of my civil rights under color of law.

### THIS RELIEF IS REQUIRED IMMEDIATELY AND PRIOR TO THE OPPORTUNITY FOR A PROPERLY NOTICED PRELIMINARY INJUNCTION HEARING

*Carey v. Piphus* shows that I was deprived my "absolute" right to a fair and meaningful opportunity to be heard prior to deprival of the liberty and property interests inherent in the Dual Enrollment program, and the fact that UCF has been entrusted with custodial control over that liberty and property is clearly obvious and written in plain language.   As these property and liberty interests are only accorded at UCF's pleasure, it is obvious that UCF has custodial control over those constitutional rights & interests of which I am the rightful holder.

What is less obvious but just as "absolute" is the fact that UCF is also entrusted with custodial control over another constitutional interest of mine, that of procedural due process

itself; a constitutionally protected interest even in the absence of any other injury.[1]    What is less obvious is that having an "absolute" right to due process means I am the rights-holder of the interest of that particular constitutional right - the "absolute" [2] right to due process which has been articulated in the analogous context of *Carey* by the Supreme Court that includes particular procedural protections which ensure my due process rights are accorded whenever the nexus of underlying interests at stake includes a statutorily-granted public educational benefit.

Protection of that constitutional right in and of itself, the right to that meaningful opportunity to be heard prior to the deprivation of the program, is what this motion is primarily about; because UCF is stealing yet another semester, Summer 2021, that I have a right to participate in, without procedural due process.

To be clear, the reason we cannot wait for a properly noticed hearing in the ordinary course of law is that one right we seek constitutional protection of in this TRO is due process itself, the "absolute" right for the immediate relief of a meaningful opportunity to be heard prior to any fresh deprivation of the underlying interests in liberty and property - an opportunity that comports with the procedural protections articulated by the Supreme Court in *Carey* on page 249 and an opportunity which we have been invidiously abused of.

*Ex parte* relief is necessary here.    An *ex parte* TRO is warranted where the facts show the irreparable loss, injury or damage will result before the defendant can be heard in opposition.    *See* Fed. R. Civ. P/ 65(b).    Defendants have been well noticed of this dispute and these proceedings,

---

[1] "Because the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury."
*Carey v. Piphus*, 424 U.S. 247, 266    (internal citations omitted)

[2] Scare quotes around the term "absolute" is a faithful quotation of *Carey*, as the Supreme Court used scare quotes each time they referred to the right as being "absolute" in the opinion.

and have been noticed of this motion prior to application.    It is not the notice part of *ex parte*

issuance which is required for the sake of my due process, it is the time aspect.    As is proven

herein, the procedural protections already adjudicated as being required when these interests are at

stake demand pre-deprival procedures, and I am being deprived today and will be deprived again

tomorrow of the right to this pre-deprival hearing which is being invidiously withheld to grievous

consequence.  *Carey* & *Goss v Lopez* 419 U.S. 565 (1975)  grant that I must be afforded an

opportunity to offer evidence, be heard and have an impartial judge on why this exclusion is unjust;

I must be afforded an opportunity to be heard prior to deprivation or as soon after as is practical.

 *Carey* & *Goss* explicitly grant the right to be notified prior to any deprivation of basic

education and grant the right to dispute any deprivation instantly - the right to present evidence and

be heard before a neutral decisionmaker.

 UCF continues to intentionally deprive me of the due process procedural protections

which I have that "absolute" right to.    Where Principal Carey did recognize young mister

Piphus's right to due process prior to deprivation and intended to uphold it but failed in the

execution; UCF *intends* to obliterate and extinguish this "absolute" right.    UCF intentionally

deprives the due process which the Constitution demands be accorded to protect against

unconstitutional deprivations.    The deprivation of procedural due process is the root of the

abuse of my property and liberty inherent in public education.

> " 'Once it is determined that due process applies, the question remains what process is
> due.' *Morrissey v. Brewer*, 408 U.S., at 481. We turn to that question, fully realizing as
> our cases regularly do that the interpretation and application of the Due Process Clause
> are intensely practical matters and that '[t]he very nature of due process negates any
> concept of inflexible procedures universally applicable to every imaginable situation.'
> *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895 (1961). "
> *Goss v. Lopez*, 419 U.S. 565, 577-78 (1975)

In this circumstance, the procedures available to the court which comport with my rights under *Carey* & *Goss* would be to repatriate the alienated rights of property and liberty immediately through TRO to allow me to return to school, and then ~~Principal Carey~~ UCF will have the right to arrange the hearing they "absolutely" owe me to dissolve the TRO at their convenience and discretion.

Again, this application for TRO is made because I have a right to new set of courses that have begun registration for the Summer 2021 semester, courses which I am being deprived of at this moment by not being able to register for them before they fill up.

I look to this Court to protect & secure that right to the meaningful opportunity to be heard prior to the deprivation of this right for one more day.

The grounds I bring this motion on are as follows:

1)    **The TRO is necessary to preserve meaningful access to the rights I seek enforced**.   UCF is currently abusing my constitutional rights to, & interests inherent in, Florida's Dual Enrollment program as granted by *Florida Statute* 1007.271.   This abuse is current, this abuse is intentional, and this abuse has been ongoing since Spring 2016.

2)    Unless otherwise restrained by this Order, UCF will *continue* to arbitrarily deprive me of the Dual Enrollment program without the required Procedural Due Process of the properly-noticed pre-deprival hearing which is due pursuant to *Goss* & *Carey*.

3)    **There is an "absolute" likelihood of success on the merits** of the underlying claims when ultimately brought to Court.   The reason it is an "absolute" likelihood of success based on my procedural due process claim.    *Carey* grants an "absolute" right to procedural due

process before property or liberty are abused, the exact same property interest in basic education is protected here as in *Goss* & *Carey*, and UCF has not granted a *Carey*-compliant pre-deprival hearing while UCF is abusing my property and liberty interests.

       4)      **Irreparable harm will continue to occur if UCF is not so restrained**

       5)      **UCF could not possibly be harmed by the issuance of this TRO.**   To the contrary, they will be compensated exactly what they are due per law to honor this ministerial and non-discretionary duty.   UCF will actually get more money with the issuance of this TRO, because they are literally guaranteed the maximum payment allowed by law for any dual enrollment course I take.

       6)      **The public interest lay in UCF honoring their explicit constitutional, statutory, fiduciary & pedagogical responsibilities** by delivering the benefit to the rightful owners; in this case myself.

       7)      Pursuant to *Fed. R. Civ. P. 65(b)*, Plaintiff has served the complaint & motion for TRO to Defendant UCF as of the time of making this application.

       8)      I am currently being deprived of my right to participate in the Dual Enrollment program without procedural due process.     This abuses my property interest inherent in the program.   This also causes irreparable harm to other previously adjudicated liberties as well as abusing unique & novel liberties inexorably emanating from from the textual language on the face of *Florida Statute* 1007.271.

       9)      I am currently being unconstitutionally deprived of those interests in the first course I sought, an independent study course in molecular biology.    There is no possibility to replicate the curriculum, instructional materials nor classroom/laboratory environment which are

inherent in the Articulation Agreement which causes irreparable harm to me.    Because an independent study course may begin immediately, this abuses my rights as a dual enrollment home education student today and on each following day that passes with my rights abated.

10)    I have been unconstitutionally deprived of a large number of unspecified courses since 2016 that I had a clear and indisputable right to participate in which has stolen the property of college credits and at least one bachelors degree.    This causes irreparable harm to my ability to continue my education due to the stolen credits and degrees.  It must be noted that the program is intended so that "students can proceed toward their educational objectives as rapidly as their circumstances permit" as facially granted by *Florida Statute* 1007.22(2)

## **RELIEF SOUGHT**

Accordingly I seek the following temporary restraint / preliminary relief:

(A)  Immediate enrollment in the program per law, including enrollment in the first course sought and unconstitutionally deprived.

(B)  Immediately strike any policies which are facially unconstitutional.

(C)  Award of the bachelors degree which has been stolen based on my work in pre-law, music, science, & technology while being totally and unconstitutionally excluded from the educational system for five years.

(D)  Based on the above, expedited and deferential consideration of the science course as a PhD dissertation in any public university in the state.

## **MEMORANDUM OF LAW**

To be eligible for temporary restraining or preliminary injunctive relief under *Rule* 65, a movant must establish each of the following elements: (1) that there is a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. See *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005)

What began as a simple question to a Judge in Florida's Ninth Civil Circuit as to whether UCF could or could not do what was plainly "illegal" has evolved significantly.   The following injunctive relief is based on three claims, the last two of which are not included in the Verified Complaint but are claims which will ultimately be brought to trial.

## **CLAIM #1 - 42 USC 1983**
## **DEPRIVATION OF PROCEDURAL DUE PROCESS**

THE 1983 CLAIM

UCF has deprived my constitutionally-protected right to participate in the Dual Enrollment program per law without procedural due process, a deprivation which continues to injure my property and liberty interests inherent in the program.

THE INJUNCTIVE RELIEF SOUGHT IN THIS CLAIM

The injunctive relief sought in relation to this claim is A) immediate enrollment in the program per *Florida Statute* 1007.271 as construed by Florida's Dual Enrollment FAQ, and B) grant of the first bachelors course deprived - the  independent study course focused on learning

how to use common tools of the laboratory such as mass spectrometers, gas chromatographs,

molecular testing arrays, and etcetera.

## I        SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

DEPRIVATION:

I was first deprived of the Dual Enrollment program when I was not allowed to apply for

the program in 2016.

The deprivation was and continues to be intentional and not as the result of negligent error.

The reason I was deprived of the right to even apply for the program was explicitly

because I was a home education student and home education students were not allowed to apply.

OF PROPERTY:

The program has the property interest of high school / basic education granted by *Florida*

*Statute* 1007.271(1) which has already been adjudicated in *Carey* and *Goss* to be

constitutionally-protected property:

"The dual enrollment program is the enrollment of an eligible secondary student or home education student in a postsecondary course creditable toward high school completion and a career certificate or an associate or baccalaureate degree"

Subsection (1) then goes on to grant the additional un-severable property of durable,

transferrable college credits as a benefit of this government program which are free pursuant to

*Florida Statute* 1007.271(2)

"A student enrolled as a dual enrollment student is exempt from the payment of registration, tuition, and laboratory fees."

WITHOUT PROCEDURAL DUE PROCESS:

It is not in dispute between the parties that a *Carey*-compliant pre-deprival hearing was

not and has not been afforded to me.

THEREFORE

Because I am being intentionally deprived of the property inherent in the program, and because I have not been afforded a *Carey*-compliant pre-deprival hearing, and because *Carey* grants that the right to such a pre-deprival hearing is "absolute"; I have an "absolute" likelihood of success on the merits of the procedural due process claim.

AS A RESULT OF THE SUCCESS ON THE MERITS OF THIS CLAIM

I will at once be entitled to nominal damages as well as an examination of whether or not I was legitimately entitled to the property in question and whether or not UCF was justified in depriving it from me.    That examination and the entire legal argument for it are written in plain language on the face of *Florida Statute* 1007.271(13)(b) which textually grants that

> " **Each** public postsecondary institution eligible to participate in the dual enrollment program pursuant to s. 1011.62(1)(i) [which UCF is] **must** enter into a home education articulation agreement with **each** home education student seeking enrollment in a dual enrollment course "   (emphasis added)

I had a legitimate entitlement to the property inherent in the dual enrollment program because I did in fact meet all eligibility requirements listed above subsection 1007.271(13)(b), and UCF's deprival of the program because I was a home education student was not justified because of the same subsection.

## II    IRREPARABLE INJURY WILL BE SUFFERED IN THE ABSENCE OF THIS IMMEDIATE RELIEF

There is no way that any amount of compensatory nor even punitive damages could ever properly compensate for the injury UCF has caused by depriving me of this property this semester when my brain is it's youngest and is most capable of learning the useful information that I have a right to acquire.    Nor can any amount of money compensate for the life experiences & relationships that I would have forged this semester with peers and professors, the one that is being

stolen from me right now which I irreparably lose the right to participate in each day that goes by. Nor can any financial vindication properly compensate me for the life I could have led in the future if I had been allowed to use this property this semester as it was granted by law.

It is the ephemeral nature of education which makes this injury irreparable if this TRO is not granted, from an ability-to-learn standpoint, to the opportunity to engage in the study at this stage of my life standpoint, to even the transitory & finite nature of the right to the participate in the dual enrollment program before I age out of public education standpoint.

This is a conditional right, conditioned on being of an age which is legally eligible.

It is clear in retrospect that I have suffered a grievous loss as a result of the cumulative effect of five years worth of the deprivation of education which grants double credits.    That means by necessity that each semester was incrementally a discrete irreparable injury along the way to this grievous loss of the five best learning years of my life.    Which means that the loss of this semester, the Summer 2021 semester that UCF is in the process of depriving from me currently, constitutes grievous harm because they are about to steal the property I seek repatriated during the semester that I have the best remaining learning capability.

The above are some of the irreparable injuries which will occur in the absence of the immediate relief of a home education articulation agreement in general.    Even more practically speaking, one reason necessitating the TRO for the articulation agreement is that registration is open and courses that I am legally eligible for are filling up as we speak today.

There are also particular injuries arising from the deprivation of the science course if it presents a cognizable course of study which I "demonstrate an ability to master" [3]  because it is

---

[3] " Additional requirements included in the agreement may not arbitrarily prohibit students who have demonstrated the ability to master advanced courses from participating in dual enrollment courses "  *Florida Statute* 1007.271(3)

the next step in my educational goals as is legislature's clear intent.[4]   These injuries have

prevented me from acquiring useful knowledge and engaging in the common occupation of

being a lab assistant by now, two liberties which are already specifically authorized by the

Supreme Court as shown in *Roth* [5].

The injury documented above that I will suffer in the absence of the relief of immediate

enrollment in the program per law is irreparable.

## III    THE THREATENED INJURY OUTWEIGHS THE HARM THE RELIEF WOULD INFLICT ON THE NON-MOVANT

Granting the relief of enrolling me in the dual enrollment program will inflict no harm on

UCF.   To the contrary allowing me to participate in any course for which I meet prerequisites is

actually a pecuniary benefit to UCF, as UCF is guaranteed the proper payment per law for my

participation.

Granting me the relief of the science course will benefit UCF's molecular biology

department by A) generating cognizable testing regimens which advanced bachelors and grad

students need, and B) creating another set of hands to be able to carry out such experiments as

are required to meet professors research needs.

---

[4] " It is intended that articulated acceleration serve to … broaden the scope of curricular options available to students, or increase the depth of study available for a particular subject. Articulated acceleration mechanisms shall include, but are not limited to, dual enrollment. "   *Florida Statute* 1007.27(1)

" postsecondary education shall collaborate in further developing and providing articulated programs in which students can proceed toward their educational objectives as rapidly as their circumstances permit. " *Florida Statute* 1007.22(2)

[5] "While this Court has not attempted to define with exactness the liberty . . . guaranteed [by the Fourteenth Amendment], the term has received much consideration and some of the included things have been definitely stated. Without doubt, it denotes not merely freedom from bodily restraint, but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men." *Meyer v. Nebraska*, 262 U. S. 390, 262 U. S. 399. In a Constitution for a free people, there can be no doubt that the meaning of "liberty" must be broad indeed. See, e.g., *Bolling v. Sharpe*, 347 U. S. 497, 347 U. S. 499-500; *Stanley v. Illinois*, 405 U. S. 645. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972)

The balance of equities swings squarely in my favor.

**IV      ENTRY OF THE RELIEF WOULD SERVE THE PUBLIC INTEREST**

The cost of these procedural protections will not outweigh the benefit to the public.

Furthermore, my constitutional rights are being grievously violated as documented above.

It is always in the public interest to prevent the violation of a party's constitutional rights.

It is also always in the interest of democracy for the executive branch to faithfully

execute the laws of the state in harmony with the United States Constitution.

**CLAIM 2 - 42 USC 1983**
**DEPRIVATION OF SUBSTANTIVE DUE PROCESS LIBERTIES**
**EMANATING FROM *FLORIDA STATUTE* 1007.271**

THE 1983 CLAIM:

UCF has three policies which facially and directly abuse three particular substantive due

process liberties.

THE INJUNCTIVE RELIEF SOUGHT IN THIS CLAIM:

Strikage of the three policies below which abuse my liberty from UCF's web site, internal

communications, and printed material

**I       SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS**

These three liberties are exactly as constitutionally-protected as the liberty of interstate

travel and the liberty to raise your child as you see fit without government interference.   That is

because substantive due process allows courts to protect certain fundamental rights from

government interference, even if the rights are not specifically mentioned elsewhere in the US

Constitution.

Each previous case authorizing a new substantive due process right has relied on

circumstances much more complicated and bound to disputed facts.    In the instant case, analysis

of the newly-discovered liberties are questions of law so pure as to be fully naked.

### THE LAW ON LIBERTIES PROTECTED THROUGH SUBSTANTIVE DUE PROCESS:

> While this Court has not attempted to define with exactness the liberty . . . guaranteed [by
> the Fourteenth Amendment], the term has received much consideration and some of the
> included things have been definitely stated. Without doubt, it denotes not merely freedom
> from bodily restraint but also the right of the individual to contract, to engage in any of
> the common occupations of life, to acquire useful knowledge, to marry, establish a home
> and bring up children, to worship God according to the dictates of his own conscience,
> and generally to enjoy those privileges long recognized . . . as essential to the orderly
> pursuit of happiness by free men." *Meyer v. Nebraska*, 262 U.S. 390, 399. In a
> Constitution for a free people, there can be no doubt that the meaning of "liberty" must be
> broad indeed. See, e. g., *Bolling v. Sharpe*, 347 U.S. 497, 499-500.
> *Board of Regents v. Roth*, 408 U.S. 564, 572 (1972)

> Liberty under law extends to the full range of conduct which the individual is free to
> pursue.
> *Bolling v. Sharpe*, 347 U.S. 497 (1954)

> We have repeatedly held that state statutes may create liberty interests that are entitled to
> the procedural protections of the Due Process Clause of the Fourteenth Amendment.
> *Vitek v. Jones*, 445 U.S. 480, 488 (1980)

> Once a State has granted … a liberty interest, we held that due process protections are
> necessary 'to insure that the state-created right is not arbitrarily abrogated.' Id., at 557
> *Vitek v. Jones*, 445 U.S. 480, 488-89 (1980)

### THE FIRST UNIQUE LIBERTY ABUSED - HOME EDUCATION STUDENTS ARE AT LIBERTY TO PARTICIPATE WITHOUT PROVIDING A HIGH SCHOOL GPA:

I have the liberty to participate in the program without providing a high school GPA, a liberty

that inexorably emanates from plain language on the face of *Florida Statute* 1007.271(13)(b)(2).

> " A high school grade point average **may not be required** for home education
> students who meet the minimum score on a common placement test adopted by the State
> Board of Education which indicates that the student is ready for college-level coursework
> " Florida Statute 1007.271(13)(b)(2)    (emphasis added)

PROOF THAT UCF ABUSES THIS UNIQUE LIBERTY:

UCF facially abuses that liberty with their policy which states that a 3.8 GPA **is required** for home education students to participate in the program.   (Exhibit 1, Appendix pg 3, online at https://www.ucf.edu/admissions/undergraduate/dual-enrollment-early-admission/ #requirements  )    The policy is on UCF's web site and not in dispute between the parties.

THEREFORE:

Because I have the liberty to participate in the Dual Enrollment program as a home education student without being required to provide a high school GPA, and because UCF's webpage states that a 3.8 high school GPA is required from all home education students in order to even apply for the program, and because I have "demonstrated the ability to master advanced courses" [6], I have a significant likelihood of success on the merits that UCF is abusing my actual liberty as a home education student to participate in the dual enrollment program without providing a high school GPA when this claim is ultimately brought before a jury.

THE SECOND UNIQUE LIBERTY ABUSED - PERT AS ELIGIBILITY TEST:

I have the liberty to earn eligibility into Florida's Dual Enrollment program through satisfaction of the minimum score on Florida's PERT, a liberty that inexorably emanates from the face of *Florida Statute* 1007.271(3).

" Student eligibility requirements for initial enrollment in college credit dual enrollment courses ***must include*** … the minimum score on a common placement test adopted by the State Board of Education which indicates that the student is ready for college-level coursework "   Florida Statute 1007.271(3)   (emphasis added)

---

[6] *Florida Statute* 1007.271(3) "Additional requirements included in the agreement may not arbitrarily prohibit students who have demonstrated the ability to master advanced courses from participating in dual enrollment courses"

The statute clearly and plainly establishes the right to have "minimum score on a common placement test adopted by the State Board of Education" be included in the list of eligibility requirements.

PROOF THAT UCF ABUSES THIS UNIQUE LIBERTY:

UCF facially abuses that liberty because UCF does not include "minimum score on [Florida's PERT]" amongst the eligibility requirements.   UCF has a policy that requires SAT or ACT scores and doesn't mention Florida's PERT.   (Exhibit 1, Appendix pg 3)

THEREFORE:

Because I have the liberty to participate in the Dual Enrollment program with "the minimum score on a common placement test adopted by the State Board of Education", and because UCF does not include "the minimum score on a common placement test adopted by the State Board of Education which indicates that the student is ready for college-level coursework" amongst the eligibility requirements for the program, I have more than a significant likelihood of success on the merits that UCF is abusing my liberty to participate in the program with a minimum score on Florida's PERT (which I have in fact satisfied).

THE THIRD UNIQUE LIBERTY ABUSED - NO ARBITRARY PROHIBITIONS:

I have the liberty to not be arbitrarily prohibited from participation in the program by any additional initial eligibility requirement if I have have demonstrated the ability to master advanced courses, a liberty that emanates from the face of *Florida Statute* 1007.271(3).

> " Additional requirements included in the agreement ***may not arbitrarily prohibit*** students who have demonstrated the ability to master advanced courses from participating in dual enrollment courses " *Florida Statute* 1007.271(3) (emphasis added)

The statute clearly and plainly entitles me to the liberty to be free from any additional requirements which arbitrarily prohibit my participation if I have "demonstrated the ability to master advanced courses … in dual enrollment".

This subsection explicitly demands that the program requires Fourteenth Amendment procedural due process protections through the explicit and intentional use of the due process doctrinal term "arbitrary" by Florida's legislature when they crafted and granted this liberty.

PROOF THAT UCF ABUSES THIS UNIQUE LIBERTY:

UCF facially abuses that liberty because UCF has an actual policy which asserts arbitrary discretion over each eligible student.      (Exhibit 1, Appendix pg 3)    UCF's Dual Enrollment webpage facially admits that "satisfaction of minimum requirements does not guarantee admission", even referring to the policy as their "arbitrary discretion policy" in these actions. UCF has a policy of indiscriminate and arbitrary discretion over each "applicant" for whatever random reason anyone at UCF might feel, and the policy means that there is not even any procedural due process which a person illegally deprived may take to the Court to present for relief.

THEREFORE:

Because I have the liberty to participate in the Dual Enrollment program without any policy which could arbitrarily prohibit participation as an eligible student, and because UCF has a policy which asserts an absolute, random & capricious version of arbitrary discretion; I have more than a significant likelihood of success on the merits that UCF is abusing my liberty to participate in the program through UCF's policy which asserts arbitrary discretion over enrollment.

There is a substantial likelihood of success on the merits of this claim because these
facial statutory provisions do in fact give rise to unique constitutionally-protected liberties as
authorized by the Supreme Court in *Vitek* & *Bolling*.

## II    IRREPARABLE INJURY WILL BE SUFFERED IN THE ABSENCE OF THIS IMMEDIATE RELIEF

The element seems to read "irreparable injury will be suffered" not "will be suffered by
movant".    These newly-discovered liberties are unknown to a class of 1.5 million children
whose lives are dependent on their successful participation in public education.    Those children
are being abused of their liberty the same as I am, and if this relief is not granted they will be
deprived of the opportunity to participate in this semester of Dual Enrollment as provided by law.

The record will reflect the fact that my response to this assault on democracy was literally
mocked by Defendants as being a "crusade".    While Defendants have abused my rights with
impunity and mocked me for caring, they have invested me ever more personally in this fight
that I did not choose.    It has come to the point five years on that it literally inflicts extreme
emotional distress on me each day that I am unable to fix the rights of all these children.

This is not a fight I chose, but some fights one has a moral obligation to finish.    This is
such a fight.

And now I know for certain that I do in fact have a constitutional obligation as well.

The fact that I am the one who fate stuck with this responsibility means that this is also
inflicting extreme emotional distress upon me each day that UCF is right, that they *are* simply
more powerful than I am and *can* impose their tyrannical will upon me as they see fit.

These policies being on the internet materially damages my reputation with faculty and

staff because if the policies are still there when I am speaking to professors or administrators,

they will question whether I am there legitimately or whether it was a nuisance suit which got me

into the university.

Finally, these policies injure my ability to bring this to trial because every lawyer I

contacted declined to represent me.   One lawyer was kind enough to explain that the other

lawyers, like himself, probably believe that I must have missed something as a pro se litigant if

UCF and Valencia steadfastly claim that they have some authority to impose these policies.

Defendants making this a matter of first impression to the entire community injures my right to

successfully bring this incredibly complex novel but indisputable issue of great importance to

bench because everyone, including the lawyers are all of the first impression that these are

college courses which UCF has discretion over.   But these are Dual Enrollment courses which

operate within college courses and are as mandatory & non-discretionary as high school or any

public education benefit which law mandates may not be arbitrarily derived.

Furthermore and independently sufficient for the showing of irreparable injury in relation

to abuse of these liberties, *Elrod v. Burns* proves that abuse of liberties for even minimal periods

of time constitutes irreparable injury *per se*:

> "The loss of First Amendment freedoms, for even minimal periods of time,
> unquestionably constitutes irreparable injury. See *New York Times Co*. v. *United States*,
> 403 U.S. 713 (1971)."
> *Elrod v. Burns*, 427 U.S. 347, 373 (1976)

A brief review of *New York Times* cited by *Elrod* shows that when the *Elrod* court granted

that " [t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably

constitutes irreparable injury, " it was due to the term "freedom" within it.   The term freedom is

used 16 times and the term "liberty" is used 4 times, and the two are nearly interchangeable.

Freedoms are liberties, meaning that "The loss of [liberties], for even minimal periods of time,

unquestionably constitutes irreparable injury"

## III      THE THREATENED INJURY OUTWEIGHS THE HARM THE RELIEF WOULD INFLICT ON THE NON-MOVANT

The sole harm the relief would inflict on UCF is that UCF will be paid 100% of the fee

that the university is due per law to provide the educational programming which they are

mandated to provide as part of their pedagogical responsibilities.

That is to say that UCF will suffer no harm to any legal interests as a result of this relief.

The balance of equities swings squarely in my favor.

## IV      ENTRY OF THE RELIEF WOULD SERVE THE PUBLIC INTEREST

The cost of ensuring these procedural protections will not outweigh the benefit to the

public.

Furthermore, the public interest lies in the government doing with our tax dollars what

the legislature mandated them to do with them and the executive branch (in this case UCF) doing

with those funds what is required by law.

The public interest lies in liberty.

### CLAIM #3 - 42 USC 1983
### RETALIATION FOR EXERCISE OF THE FIRST AMENDMENT
### RIGHT TO PETITION FOR THE REDRESS OF GRIEVANCES

THE 1983 CLAIM

UCF has retaliated against me for petitioning the government for the redress of

grievances to my due process rights

THE INJUNCTIVE RELIEF SOUGHT IN THIS CLAIM:

In this claim I seek the degree which has been stolen from me based on the work I have done while locked outside the classroom.    I also seek an expedited and deferential review of my theoretical research as a doctoral dissertation at UCF or any state university which would grant me immediate access to, and training in, the scientific tools of molecular biology & proteomics.

## I       SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

It is a violation of the Right to Petition for the Redress of Grievances whenever the government retaliates in any way against a citizen for petitioning for redress in any way which causes cognizable injury.

On October 17, 2016, I formally petitioned for the redress of grievances when I filed my first Complaint in Florida's Ninth Circuit.    One grievance for which I sought redress was specifically "due process violations".

Three weeks later and at approximately 4pm on the response-due date an attorney with BakerHostetler now representing both defendants named Ashley Schachter called to speak to my Dad and I.    In that conversation she explicitly said to both of us (on speakerphone) that if we did not immediately drop the lawsuit; that Defendants would not grant us a meeting in order to present our side, to show the FAQ & the laws which prohibited their policies, and to be fairly heard.    I attest under oath and under penalty of perjury or financial sanctions that this is true and correct as shown in the verification.

This is the literal definition of retaliation for petitioning the government for the redress of grievances.    This is the literal definition of deprivation of due process.    And this is the literal definition of hubris.

Although UCF was not a party proper to these proceedings at that time this statement was made, UCF & Valencia share a defense and when those representatives also began representing UCF, Defendants' position that they will not allow me to speak to their client, including for a *Carey*-compliant meeting, must be imputed to UCF.   Valencia will be made party to this case.

THEREFORE:

Because I petitioned the government for the redress of grievances, and because UCF retaliated against me because of it by intentionally depriving the procedural due process hearing which I was and still am entitled to in in relation to the deprival of these fundamental interests, and because UCF continues to owe me this procedure and continues to intentionally withhold it from me, I have a substantial likelihood of success on the merits of the claim that UCF has retaliated against me for exercising my First Amendment right to petition by depriving me of the procedural due process which I have continued to have had a right to ever since 2016.

## II    IRREPARABLE INJURY WILL BE SUFFERED IN THE ABSENCE OF THIS IMMEDIATE RELIEF

THE PRIMARY IRREPARABLE INJURY is to my due process rights directly, both the procedural due process granted by *Carey* as well as fundamental-fairness due process secured directly by the constitution.

Because in this instance, Defendants have committed a second justiciable constitutional violation as retaliation.   Here Defendants acknowledged that they were retaliating explicitly in response to my  petition to the court seeking nothing but declaratory relief.   But the retaliation which was taken was the malicious and continued intentional deprival of my right to procedural due process which I was & still am owed pursuant to *Carey v. Piphus*.   They literally continue

deprive the "absolute" [7] constitutional right of procedural due process without procedural due

process in retaliation for a petition by fourteen-year-old me to a Judge about being deprived of

procedural due process.

THE SECONDARY IRREPARABLE INJURY, the one that Defendants intended to inflict

through the deprivation of my due process, is to my education and rights conferred through

*Florida Statute* 1007.271.

THE TERTIARY IRREPARABLE INJURY, the one that Defendants were at least indifferent

to, is to my life - the pecuniary value of a lifetime of work as a bleeding edge scientist versus a

job which I have to put "7th grade" as my last grade successfully finished.    I could get a GED

but that places me no closer to the lifetime of earnings I would have had but for UCF's

unconstitutional policies and invidious actions.    That said, damages alone cannot replace the

lifetime of scientific challenge which I had a right to compete for and would have earned through

achievement by now were it not solely for UCF's actions.

But for Defendant's unconstitutional deprival of my pre-deprival hearing in retaliation for

the lawsuit seeking due process protections, I would be living that life by now as a graduate

student in molecular biology or proteomics.    Without this injunctive relief I will continue to

suffer this injury because I do not have the bachelors degree I should have had and that was

stolen from me at least two years ago.    I should be a year or two away from earning my PhD.

The entirety of the legal argument is provided by the plain language of *Elrod v. Burns,*

427 U.S. 347, 373-74 (1976):

_____

7 " Because the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a
claimant's substantive assertions, and because of the importance to organized society that procedural due process be
observed, the denial of procedural due process should be actionable for nominal damages without proof of actual
injury. "    *Carey v. Piphus*, 435 U.S. 247, (1978)

" The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."

The right to petition the government for the redress of grievances is a First Amendment freedom whose loss, for even minimal periods of time, unquestionably constitutes irreparable injury.

## III    THE THREATENED INJURY OUTWEIGHS THE HARM THE RELIEF WOULD INFLICT ON THE NON-MOVANT

The sole harm the relief would inflict on UCF is that UCF will be paid 100% of the fee that the university is due per law to provide the educational programming which they are mandated to provide as part of their pedagogical & legal responsibilities.

The balance of equities swings squarely in my favor.

## IV    ENTRY OF THE RELIEF WOULD SERVE THE PUBLIC INTEREST

The cost of these procedural protections will not outweigh the benefit to the public.

Furthermore, it is clearly in the public interest to hold the government to serving the public interest instead of it's own, to execute the laws as legislated and enacted and to use the public funds they are entrusted with in the E & G fund for the purposes mandated by law.

Furthermore, this research is in the public interest because of UCF's role as a preeminent research institution.    Being a cutting-edge research facility for the betterment of mankind, science and medicine is literally part of UCF's mission.

## <u>CONCLUSION</u>

"Liberty implies the absence of arbitrary restraint" *Chicago, B. & Q. R.R. v. McGuire*, 219 U.S. 549, 567, 570 (1911).

The government may deprive one's unalienable rights to life, liberty or property, just not without due process of law.    That means that the right to due process as granted in *Carey* is the only "absolute" right in the United States Constitution.    As this case illustrates, without due process - all other rights are effectively granted at the pleasure of those in power; due process of law is the only thing standing between the enjoyment of our natural & fundamental rights and the tyranny of arbitrary government which Blackstone described in 1753.

WHEREFORE, and based on the preceding, I humbly seek a TRO granting the fair opportunity to be heard and offer evidence prior to any further deprivation of my fundamental rights thereby maintaining the status quo which due process stands to secure, including the property and liberty interests documented in the preliminary injunction motion and amended complaint which I am not yet in possession of.

The TRO should specifically grant:

(A)  Immediate enrollment into the program per law as articulated in Florida's Dual Enrollment FAQ found online  at http://www.fldoe.org/core/fileparse.php/5421/urlt/DualEnrollmentFAQ.pdf)

(B)  Immediate enrollment in the science course conditioned on whether or not the plan is cognizable DIS course and whether I show an ability to master the advanced course.

(C)  Immediate striking of the three offending policies documented above.

(D)  Immediate grant of the bachelors degree in pre-law which I was forced to undertake while locked out of and totally excluded from the education system.

(E)    Immediate and deferential review of the science course as a PhD doctoral

dissertation with the same Dual Enrollment standards of "is a cognizable

course which is available to the general student population during the

particular semester in question" if I "demonstrate the ability to master [the]

advanced course" pursuant to *Florida Statute* 1007.271(3).

(F)    Due to the distrust and animosity between the parties, and the fact that a UCF

employee should not have standing to be the disinterested fact-finder required

to comport my procedural due process rights which I seek enforced herein; I

pray the Court see fit to order the National Institutes of Health to appoint one

scientific researcher and one medical physician (competent in the areas

concerned) to oversee and facilitate best practices concerning this issue on

behalf of the Court.

Respectfully Submitted April 27, 2020

_____
William Henry Hamman
1209 N. Westmoreland Dr.
Orlando, FL 32804
407-630-1349

## CERTIFICATE OF VERIFICATION

On April 26 2021, William Henry Hamman personally appeared before me, the undersigned
Notary Public, and, after being duly sworn, he stated under oath that every statement contained
here within is within his personal knowledge and is true and correct.

_____
William Henry Hamman

_____

Notary Public in & for
the State of Florida



My commission expires

_____
Signature

_____
Printed Name

## CERTIFICATE OF SERVICE

Although it is not required pursuant to FRCP 5(a)(1)(D), I do hereby certify that as of this
application a true and correct copy of the forgoing has been emailed to UCF's counsel of record
on April 26, 2020.

Patrick M. Muldowney, Esq.                Ashley M. Schachter, Esq.
Florida Bar No.: 0978396                  Florida Bar No.: 0119374
E-Mail: pmuldowney@bakerlaw.com           E-Mail: aschachter@bakerlaw.com

_____
William Henry Hamman
1209 N. Westmoreland Dr.
Orlando, FL 32804
407-630-1349